Dimitri TSIVILASHVILI, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 03–4552–ag.

United States Court of Appeals, Second Circuit.

Oct. 25, 2006.

Alexander J. Segal, Brooklyn, NY, for Petitioner.

Rita R. Valdrini, Acting United States Attorney for the Northern District of West Virginia, Shaun Angus Morgan, Assistant United States Attorney, Clarksburg, WV, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROGER J. MINER, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Dimitri Tsivilashvili, a citizen of Georgia, seeks review of a February 26, 2003 order of the BIA affirming the August 21, 2000 decision of Immigration Judge ("IJ") Alan A. Vomacka denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Dimitri Tsivilashvili*, No. A76 020 395 (B.I.A. Feb. 26, 2003), *aff'g* No. A76 020 395 (Immig. Ct. N.Y. City Aug. 21, 2000). We assume the parties' familiarity with the underlying facts and procedural history of the case.

█ While Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D), we retain jurisdiction to review constitutional claims. Here, we find no indication that Tsivilashvili suffered from an unfair hearing or that the IJ was hostile to him in any way. Accordingly, we do not review the agency's denial of Tsivilashvili's asylum claim.

█ Before denying a withholding of removal and CAT claim solely because of an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000). We review the agency's determination that a particular piece of corroborating evidence is available to the applicant (and thus whether it should "reasonably be expected") under the substantial evidence standard. *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 563, 568 (2d Cir.2006).

Here, we agree that Tsivilashvili failed to meet his burden of proof for withholding of removal or CAT relief, where he did not supply testimony or an affidavit from his mother. We note that Tsivilashvili admitted that his mother was in the United States and that his attorney instructed him to bring her to his hearing. In addition, the IJ reasonably rejected Tsivilashvili's explanation that she was unavailable to testify or write a statement on his behalf because she suffered from psychological distress, where he made the allegation of her unavailability for the first time at his hearing, and where he provided no medical or other evidence to support that contention.

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).